# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES PETERSON, <br> d/b/a Peterson Boys Music, <br><br> Plaintiff, <br><br> v. <br><br> PEGGY SCOTT ADAMS, d/b/a Nora Records, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br> CV 113-116 |

## O R D E R

Presently pending before the Court are Defendant's motion to dismiss (doc. no. 10) and Plaintiff's motion for summary judgment (doc. no. 11). For the reasons set forth below, these motions are **DENIED**.

## I. BACKGROUND

On July 16, 2013, Plaintiff, acting pro se, filed suit in this Court, alleging copyright infringement against Peggy Scott Adams and Joel Andrew. (Doc. no. 1.) Plaintiff alleges that: he wrote and produced three R&B songs (compl. ¶ 2); he applied to the United States Copyright Office and received certificates of registration for each song (id. ¶¶ 4-6); and Defendants infringed the copyrights by mass-producing and selling the subject songs without obtaining Plaintiff's permission (id. ¶ 8). Plaintiff seeks $50,000 in

compensatory damages, $50,000 in punitive damages, an injunction, an accounting, attorney's fees, and costs. (Id. at 4-5.)

On August 2, 2013, the Court dismissed the claims against Joel Andrew without prejudice. (Doc. no. 8.) On August 19, 2013, Peggy Scott Adams (hereinafter "Defendant") appeared pro se and filed an Answer contending that Plaintiff obtained the copyrights on the subject songs through fraud and misrepresentation. (Doc. no. 9 at 3.) Defendant concedes that Plaintiff contributed a few lyrics to the songs but contends that Plaintiff did not write or compose the songs; rather, Bernard Lilton allegedly wrote and composed the songs. (Id.) Further, Defendant pleads that Plaintiff terminated all rights to a distribution agreement between the parties.[1] (Id.) Additionally, Defendant moves to dismiss this action for lack of personal jurisdiction and improper venue. (Doc. no. 10 at 1-2.) Defendant asserts that she is a California resident with no ties to Georgia and that none of the events giving rise to this case occurred in the Southern District of Georgia. (Id.)

On August 20, 2013, Plaintiff filed a motion for summary judgment arguing that at trial he "can prove beyond a reasonable doubt" that he owns the subject songs. (Doc. no. 11.) Plaintiff also responded to Defendant's motion to dismiss. (Doc. no. 12.) Plaintiff contends that he did not give up rights to the subject songs by terminating the distribution agreement. (Id. at 1.)

---

[1] It is currently unclear whether termination of this distribution agreement encompasses termination of Plaintiff's alleged rights to the subject songs.

2

Plaintiff argues that venue is proper in Georgia because Defendant traveled to Georgia to make the distribution agreement. (Id. at 2.) Plaintiff also notes that some of the background vocals were recorded by Mistey Lundy in Albany, Georgia. (Id. at 3.) Plaintiff does not directly address the issue of personal jurisdiction.

## II. DISCUSSION

### A. Personal Jurisdiction

#### 1. Standard

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). The plaintiff establishes a prima facie case by presenting sufficient evidence to defeat a motion for a directed verdict, id., which means "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." Walker v. Nations Bank of Fla., 53 F.3d 1548, 1554 (11th Cir. 1995). The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995). If, however, the defendant submits affidavits challenging the complaint's allegations, the burden shifts back to the plaintiff to

produce evidence supporting jurisdiction. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). If the complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Id.

To determine whether a nonresident defendant is subject to personal jurisdiction in Georgia, the Court performs a two-part analysis. Id. at 1257-58. First, the Court must decide whether the exercise of personal jurisdiction is proper under Georgia's long-arm statute. Id. Next, the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment.[2] Id.; Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).

### 2. Application

Here, the Complaint does not contain any allegations regarding Defendant's contacts with the state of Georgia. Thus, there are insufficient allegations to establish personal jurisdiction under the Georgia long-arm statute and the Due Process Clause. Although Plaintiff argues that Defendant has some connection to Georgia in his response to the motion to dismiss, it is well-established that

---

[2] The Eleventh Circuit has held that "the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Diamond Crystal Brands, 593 F.3d at 1259. "[C]ourts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.

4

a complaint may not be amended by a brief in opposition to a motion to dismiss.³ Walker v. SunTrust Bank of Thomasville, Ga., No. 7:07-CV-173, 2008 WL 4004714, at *3 n.1 (M.D. Ga. Aug. 26, 2008).

**B. Venue**

*1. Standard*

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a claim for improper venue. When the defendant challenges venue, the plaintiff bears the burden of showing that venue in the forum is proper. Simbaqueba v. U.S. Dep't of Def., No. 3:09-CV-066, 2010 WL 2990042, at *2 (S.D. Ga. May 28, 2010) (citing Pinson v. Rumsfield, 192 Fed. Appx. 811, 817 (11th Cir. 2006)), report and recommendation adopted, 2010 WL 2990041 (S.D. Ga. July 29, 2010). "In considering a motion under Rule 12(b)(3), a court must accept the facts in the plaintiff's complaint as true. However, when a Rule 12(b)(3) motion is predicated upon key issues of fact, the court may consider matters outside the pleadings." Id. Where there is a conflict between the complaint's allegations and evidence outside of the pleadings, a court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. Id.; Eagle N. Am., Inc. v. Tronox, LLC, No. 4:07-CV-131, 2008 WL 1891475, at *1 n.3 (S.D. Ga. Apr. 29, 2008).

"A civil suit to enforce the Copyright Act may be brought in any district 'in which the defendant or his agent resides or may be

---

³ For now, the Court pretermits the question of whether the facts set forth in Plaintiff's response would satisfy the Georgia long-arm statute or the Due Process Clause.

found.'" Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004) (quoting 28 U.S.C. § 1400(a)). "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Id.; see also Foxworthy, 879 F. Supp. at 1207 ("It is well settled that . . . venue in copyright actions is coextensive with jurisdiction.").

### *2. Application*

As stated in the previous section, Plaintiff has not made sufficient allegations to establish personal jurisdiction over Defendant. Therefore, the Complaint also fails to establish venue pursuant to 28 U.S.C. § 1400(a).

### C. Pro Se Pleading Considerations

The Court recognizes that Plaintiff is proceeding in this matter pro se. Therefore, his pleadings should be liberally construed. See GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). However, this leniency does not give a court license to serve as de facto counsel for a pro se party or to rewrite an otherwise deficient pleading in order to sustain an action. Id. Pro se litigants are still required to meet certain essential burdens. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). Also, there is a general rule in the Eleventh Circuit that "[w]hen it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to

6

amend his complaint instead of dismissing it with prejudice." Jemison v. Mitchell, 380 Fed. Appx. 904, 907 (11th Cir. 2010) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)).

Even giving Plaintiff every benefit as a pro se litigant, the Complaint's allegations do not establish personal jurisdiction and venue. Although the Court agrees with Defendant that Plaintiff has failed to adequately plead personal jurisdiction and venue, the Court will deny Defendant's motion to dismiss in order to allow Plaintiff an opportunity to submit an Amended Complaint that addresses the pleading deficiencies identified in this Order. Given that Plaintiff has failed to establish personal jurisdiction and venue, the Court will also deny Plaintiff's motion for summary judgment.[4]

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (doc. no. 10) and Plaintiff's motion for summary judgment (doc. no. 11) are **DENIED**. Plaintiff is **DIRECTED** to file an Amended Complaint within **twenty-one (21) days** of this Order. Once the Amended Complaint is filed, Defendant shall have **twenty-one (21) days** to plead or otherwise respond. Within **twenty-one (21) days** of Defendant's pleading or other response, the parties **SHALL** confer as

---

[4] Further, if Plaintiff seeks to file another motion for summary judgment later in this proceeding, he should reference Federal of Civil Procedure 56. His current motion for summary judgment is not supported by reference to record materials which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986) (explaining Rule 56 burdens).

7

provided in the Rule 26 Instruction Order (doc no. 3) and submit a report outlining their discovery plan within **fourteen (14) days** of the conference. These deadlines supersede those contained in the Rule 26 Instruction Order. All other provisions of the Court's Rule 26 Instruction Order not revised herein remain in full force and effect.

**ORDER ENTERED** at Augusta, Georgia, this /9th day of November, 2013.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA