# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES PETERSON, d/b/a Peterson Boys Music, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 113-116 |
| PEGGY SCOTT ADAMS, d/b/a Nora Records, | * * * | |
| Defendant. | * | |

## ORDER

Previously in this copyright infringement case, the Court granted Plaintiff leave to amend his Complaint and address pleading deficiencies pertaining to personal jurisdiction and venue.[1] (See Doc. no. 15.) Thereafter, Plaintiff filed an Amendment to the Complaint, which relies solely on actions taken by Defendant in Albany, Georgia, to establish personal jurisdiction and venue in this Court. (See Doc. no. 16.)

A civil suit to enforce the Copyright Act "may be instituted *in the district* in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a) (emphasis added). "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal

---

[1] Defendant, proceeding pro se, raised the personal jurisdiction and venue issues in her Motion to Dismiss. (See Doc. no. 10.)

jurisdiction over the defendant."[2]  Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir. 2004).

Albany is located in the Middle District of Georgia, not the Southern District of Georgia. Consequently, Plaintiff has failed to make any allegations that Defendant has contacts "in the district" where Plaintiff brought suit, as required by 28 U.S.C. § 1400(a). In conclusion, Plaintiff has failed to allege or otherwise establish venue.

Based on the foregoing, this case is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case and **TERMINATE** all pending motions.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of December, 2013.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] To determine whether a nonresident defendant is subject to personal jurisdiction in Georgia, the Court performs a two-part analysis. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010). First, the Court must decide whether the exercise of personal jurisdiction is proper under Georgia's long-arm statute. Id. Next, the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. Id.; Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945).

2